IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ROBERT MORTLAND III, JOHN CURRY, MONROE TIMOTHY SONNENBERG, ROBERT SONNENBERG, TYLER JENSEN, RYAN WALKER, and SEA WALKER,<br><br>Appellants,<br><br>v.<br><br>PATRICK J. AUGHNEY and SORAYA AUGHNEY,<br><br>Appellees. | No. C 11-00743 WHA<br><br>**ORDER AFFIRMING RULINGS OF BANKRUPTCY COURT** |

## INTRODUCTION

In this Chapter 13 action, appellants appeal the bankruptcy court's expungement of their class claim and confirmation of the Chapter 13 plan. For the reasons below, the bankruptcy court's decision is **AFFIRMED**.

## STATEMENT

Plaintiffs filed a putative class action in Superior Court in 2009. James Robert Mortland III, John Curry, Monroe Timothy Sonnenberg, Sean Walker, Ryan Walker, Robert Sonnenberg, Jr., and Tyler Jensen are the named and opt-in plaintiffs in the class action against Certified Parking Attendants, LLC, and its owners, Patrick Aughney, Soraya Aughney, and Elizabeth Van Lohuizen. CPA and its owners ran a valet parking business. The class action concerned unpaid wages and other state and federal labor law violations.

In July 2010, CPA filed a Chapter 11 bankruptcy claim. Soon thereafter the Aughneys filed for Chapter 13 bankruptcy. In the process of filing for bankruptcy, the debtors listed all their current and former employees from 2005 to the date of their filing. The Bankruptcy Notification Center mailed those listed employees notice of the Chapter 13 claim, how to make claims, and the claims-bar date. The bankruptcy notification did not contain information about the pending class action. Mortland, Curry, and Sonnenberg filed a "proof of claim" for a priority claim on behalf of themselves and the uncertified class. No other current or former employees filed a "proof of claim" for the Chapter 13 process.

On January 14, the court heard appellees' motion to expunge the class claims and, as a similar decision had been made regarding the Chapter 11 class claim, all objections were withdrawn and the motion was granted. Later, to memorialize its decision, the court issued a memorandum explaining its reasons for expunging the class claim. A couple weeks after the hearing on the motion to expunge, the court confirmed the Chapter 13 plan, which did not include the class claim. Without a claim in the Chapter 13 plan, the putative class will not benefit from its distribution. So, the appellants timely appealed both decisions (Appellees' Br. 5–7, Appellants' Br. 15).

**ANALYSIS**

The appeal raises two issues. *First,* did the bankruptcy court err in expunging the class claim? And if so, *second*, did the court err in confirming the Chapter 13 plan because the plan did not take into account the claims of the absent putative class?

**1.  STANDARD OF REVIEW.**

In deciding an appeal from a bankruptcy court, a district court reviews questions of fact for clear error while conclusions of law are reviewed *de novo*. A bankruptcy court's findings of fact are accepted unless the reviewing court has a "definite and firm conviction that a mistake has been committed. Mixed questions of law and fact are reviewed *de novo*." *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010) (internal citations omitted).

2

### 2. CREDITORS' RIGHTS IN THE CHAPTER 13 PROCESS.

Individuals, rather than corporations, file for Chapter 13 bankruptcy. 11 U.S.C. 109(e). When a debtor files, he must list all his creditors. Then, his creditors have the opportunity to opt-in by showing a "proof of claim." 11 U.S.C. 501. From these claims, the debtor creates a Chapter 13 plan to payback his creditors. Once the bankruptcy court confirms the plan, the distribution process can begin. FED. R. BANKR. P. 3015.

There are multiple tiers of creditors. Priority creditors get full payment before any distribution is made to other non-prioritized creditors. Even the priorities are prioritized. Employees who claim wage and benefit payments fall into the fourth and fifth priority groups, respectively. In order for an employee to recoup lost wages under a priority claim, he must have earned those wages within 90 days before the filing for bankruptcy or cessation of the debtor's business. In order for an employee to recoup from an employment-benefit plan under a priority claim, the claims must have arisen from his work within 180 days before the date of filing the petition or cessation of the business. 11 U.S.C. 507.

### 3. CLASS ACTION IN THE BANKRUPTCY FORUM.

Our court of appeals has held that FRCP 23 is available to bankruptcy claims. *In re Birting Fisheries, Inc.*, 92 F.3d 939, 939–40 (9th Cir. 1996). It is not, however, applied often. Many of the policy factors supporting class actions are absent in bankruptcy proceedings. As proof-of-claim forms are free, accessible, and easy to fill out, the costly barriers to litigation — which deter many small claims — are reduced. Furthermore, the bankruptcy process is already efficient; it consolidates claims just as a class action does.

Here, appellants claim that many putative class members did not know they were entitled to or feared retaliation from speaking out about lack of overtime pay and compensation for work-related activities and purchases. So, they argue that a class claim would be substantively appropriate in the bankruptcy forum.

*In re Birting Fisheries*, 92 F.3d at 940, our court of appeals concurred with the other circuits and held that Bankruptcy Rule 7023 allows Rule 23 to be applied in adversary proceedings. *See, e.g.*, *In re American Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988); *Reid v.*

3

*White Motor Corp.*, 886 F.2d 1462, 1470–71 (6th Cir. 1989). Bankruptcy Rule 9014 allows a court to apply bankruptcy rules to a "contested matter not otherwise governed by these rules." Thus, a bankruptcy court has *discretion* to apply Rule 23 via Rule 7023 via Rule 9014. *In re American Reserve Corp.*, 840 F.2d at 488.

Here, the bankruptcy court exercised its discretion in not applying Rule 7023. The court held that a prerequisite for application of Rule 7023 is that the proponent seeks a determination of whether Rule 7023 should apply. Indeed, Rule 9014 states that "relief shall be requested upon motion." FED. R. BANKR. P. 9014. Appellants never moved the bankruptcy court for application of Rule 23. That is dispositive.

### 4. CLASS ACTION REQUIREMENTS.

Even if plaintiffs had filed a motion to apply Rule 7023 to the claims process, or if the court had, *sua sponte*, entertained the notion of class certification via Rule 7023, it could not have granted class certification because the putative class representatives did not meet the criteria for a class.

In order for a class to pursue a class claim, it must meet all four requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. FRCP 23(a). The bankruptcy court found that the named class representatives did not meet the commonality requirement. Commonality requires that a representative share "questions of law or fact common to the class." FRCP 23(a)(2). Appellants purport to represent employees with a priority claim who deserve a prioritized share of the Chapter 13 plan. As explained above, an employee filing a priority claim would have to have earned that claim within — at most — 180 days before the debtor filed a Chapter 13 claim. The debtors filed for Chapter 13 in July 2010. The bankruptcy court found that none of the named plaintiffs representing the putative class were employed within the previous 180 days. James Mortland III's last day of employment was in September 2009; John Curry, May 2007; Timothy Sonnenberg, October 2009 (Appellee's Opening Brief 6–7). The record provides no information concerning the timing of employment for plaintiffs Robert Sonnenberg, Tyler Jensen, Ryan Walker, and Sea Walker who are now named in this appeal. Relying on the bankruptcy court's determination of the representatives' time of

4

employment, which have not been shown to be clearly erroneous, the named plaintiffs fail to meet the commonality requirement.

Appellants assert that the putative class did not receive adequate notice regarding their potential claims. *See* FRCP 23(c). The class, however, was never certified. FRCP 23(c)(2)(B) only requires notice to certified classes. No notice violation occurred. The bankruptcy court did not err in expunging the uncertified "class" claim. If the absent class members neglected to file their own individual claims in the bankruptcy proceedings, then it is a regrettable but unavailing outcome.

## CONCLUSION

For the above-stated reasons, the bankruptcy court rulings expunging the "class" claim and confirming the Chapter 13 plan are **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: July 6, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE